## THE FIREMEN'S INSURANCE COMPANY

*v.*

## CHARLES A. THOMPSON.

*Filed at Ottawa April 1, 1895.*

1. CONFLICT OF LAWS—*company doing business in a State is subject to its laws.* An Illinois insurance company, by taking a risk in Wisconsin, voluntarily submits itself to the laws of that State as to service of process upon foreign corporations.

2. JUDGMENTS—*of foreign State enforced in this State.* A judgment of another State against a domestic corporation, upon service made upon one declared by the statute of such State to be an agent of such corporation, will be enforced in Illinois, where such corporation has voluntarily transacted business in such other State in such manner as to bring itself within its jurisdiction.

*Firemen's Ins. Co.* v. *Thompson*, 51 Ill. App. 339, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

WILLIAM J. AMMEN, for appellant:

A judgment of a court of another State, though having the faith and credit of a domestic judgment, may be impeached in the usual way for want of jurisdiction of either the person of the defendant or the subject matter of the suit. *Insurance Co.* v. *Swigert,* 11 Ill. App. 590 ; *Welch* v. *Sykes*, 3 Gilm. 197; *Lawrence* v. *Jarvis*, 32 Ill. 304; *Jones* v. *Warner*, 81 id. 343.

If the record shows that the defendant was personally served or personally appeared to the action, the question of jurisdiction of the person is concluded. But if it shows a constructive service,—a service not amounting to a personal service,—it will be presumed that the court had jurisdiction, and the judgment will be conclusive unless such presumption is rebutted. *Bimeler* v. *Dawson*, 4 Scam. 536.

Such presumption may be rebutted by proof that the defendant was not an inhabitant of the State, and so not within the jurisdiction, or that, if an inhabitant, service was not pursuant to the laws of the State. *Bimeler* v. *Dawson*, 4 Scam. 536.

We also respectfully refer this court to the foot-notes or annotations in 21 Lawyer's Reports, Annotated, on pages 858 and 859, being foot-notes to the opinion in *Williams* v. *Johnson*, decided in the Supreme Court of North Carolina.

H. B. JACKSON, M. H. EATON, and H. I. WEED, for appellee :

We call the attention of the court to several decisions of the Supreme Court of Wisconsin, construing the force and effect of the statutes in question : *State* v. *Endowment Ass.* 62 Wis. 174; *State* v. *Mutual Accident Ass.* 69 id. 624.

Upon the question of jurisdiction obtained by service under such statutes as that of Wisconsin generally, see *Paul* v. *Virginia*, 8 Wall. 168 ; *Ducat* v. *Chicago*, 10 id. 410 ; *Chaperlori* v. *Insurance Co.* 132 U. S. 204.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant, a fire insurance company incorporated under the laws of this State, with its principal office and place of business at Chicago, issued a policy of insurance against loss by fire to appellee, on a shingle-mill owned by him and located in the city of Oshkosh, Wisconsin. A loss occurred, and appellee brought suit on his policy in the circuit court of Winnebago county, in that State, and recovered a judgment for $486.74, and costs of suit. On April 16, 1892, appellee filed his declaration in the circuit court of Cook county, setting up said judgment and the failure and refusal of defendant to pay the same, to his damage in the sum of $600, and recovered a judg-

ment against appellant for $520.74 debt and $33.39 damages, together with costs. On appeal to the Appellate Court this judgment was affirmed, and that court having granted the necessary certificate of importance, the insurance-company prosecutes this further appeal.

It is conceded that the sole question presented upon this record for our consideration is in respect of the jurisdiction of the circuit court of Wisconsin over the appellant corporation to render the judgment sued on. It appears that there was a firm of insurance agents doing business in Oshkosh, Wisconsin, (A. L. Tuttle & Co.,) who received from appellee an application for insurance; that they sent the application to a firm of insurance agents, or brokers, in the city of Chicago, who took the application and applied to appellant for a policy, which was issued on said application and delivered to the Chicago agents, and they sent it to the Oshkosh agents, who delivered it to appellee. It also appears that appellee, upon receipt of the policy, paid the premium to the Oshkosh agents, who sent it to the Chicago agents, who, in turn, paid it to appellant; that appellant knew no agent in the transaction except the Chicago firm, who knew only the Oshkosh agent; that the property was described in the application and policy as belonging to appellee, and located on "block A, second ward, Oshkosh, Wisconsin." The Wisconsin judgment was obtained on service of summons in the mode prescribed by the statute of that State, by delivering a copy of the summons to A. L. Tuttle, one of the Oshkosh firm of agents, and by informing him of its contents, and it appears from the record in that case that he personally transmitted the application, received the premium and delivered to appellee the policy.

The statute in force in Wisconsin declaring who shall be deemed an agent for an insurance company, prescribes: "Whoever solicits insurance on behalf of any insurance corporation, or transmits an application for insurance,

or a policy of insurance, to or from any such corporation, or who makes any contract of insurance, or collects or receives any premium for insurance, or in any manner aids or assists in doing either, or in transacting any business for any insurance corporation, or advertising to do any such thing, shall be held an agent for such corporation to all intents and purposes, and the word 'agent,' whenever used in this chapter, shall be construed to include all such persons."

The Supreme Court of that State has held that this statute applies to foreign or non-resident insurance corporations doing business in that State, and that service of summons may be had upon any person who does for such corporation any of the acts specified in said section, whether such person receives compensation therefor or not. (*State* v. *Northwestern Endowment Ass.* 62 Wis. 174.) And that it applies to agents of foreign companies or corporations doing business in that State, whether licensed or unlicensed, and that by voluntarily doing business in the State the companies submit themselves to such laws as the legislature may deem proper to enact,— and in support of the holding very many cases in the courts of other States are quoted from and collated. *State* v. *United States Mutual Accident Ass.* 67 Wis. 624.

No question is raised as to the due authentication of the judgment or that the circuit court of Wisconsin is not a superior court of record of general jurisdiction, nor is any question made that the service was not in all respects in due conformity to the mode prescribed by the statute of that State. The contention, therefore, that the court of Wisconsin did not have jurisdiction, is predicated solely upon the ground that appellant was a corporation organized and existing under and by virtue of the laws of the State of Illinois, and had no agent in Oshkosh representing it in the transaction, and that having made and delivered, wholly in Illinois, the contract insuring said property in Wisconsin, appellant ought not,

by that act alone, be held to subject itself to the laws of that State, and to the annoyance and expense of a suit against it. It would seem to be a sufficient answer to this contention that appellant was apprised by the application, and expressly admitted by the description in its policy, that the risk which it assumed to carry was fixed property in Oshkosh, Wisconsin, and if it desired to confine its contracts of insurance to the operation of the laws of this State, it ought not receive premiums from and issue policies to citizens of other States. It would be most inequitable and unjust, if not productive of the grossest hardship and fraud, to allow insurance companies which are organized under the laws of this State and have their principal office and place of business here, to receive premiums and make contracts of insurance with citizens of other States upon property in those States, and, when a loss occurs, shield themselves from liability behind their Illinois charters. As said by the distinguished judge of the Appellate Court: "The appellant had notice, by the application, that the risk was on fixed property in Wisconsin. If it chose to accept the risk, it did so upon the terms which that State had prescribed. * * * Before the policy issued, was the time for the appellant to consider the liability it would incur under Wisconsin law, and the probability that it might provide a more ready remedy for a loss under the policy than to follow the insurance company to another State, and there present in detail the evidence of such loss."

We are not prepared to say that the circuit court of Wisconsin erred in finding the jurisdictional facts as it did. Certainly, sufficient in the transaction came to the knowledge of appellant to put it upon inquiry in respect of location of the risk and of the assured. By taking a risk within the State of Wisconsin it voluntarily submitted itself to the laws of that State. If the recitals in the record of that court are to be taken, as they must,

since their truthfulness is not questioned, as true, they afford conclusive evidence of the facts essential to jurisdiction, (*Van Matre* v. *Sankey*, 148 Ill. 536,) and if the decisions of the court of last resort of that State are to be, as they must, regarded as binding upon us in respect of the construction to be placed upon the statute above quoted, (id. 552,) it necessarily follows that the judgment will, unless attacked for fraud, be held valid and conclusive upon the parties and privies until reversed or set aside in the jurisdiction where rendered. (Id. 554, and authorities there cited.) Under such circumstances we are required to give the proceeding in that court full faith and credit. Jurisdiction of the person of appellant was obtained by due service upon a party declared by statute to be its agent for that purpose, and the court found that such party performed the acts named in the statute which were necessary to constitute him such agent, and no attempt was made by appellant to have this judgment set aside or reversed in the courts of that State. The court found, specifically, the facts necessary, under the statute, to give it jurisdiction of appellant upon the service had, and that it had jurisdiction of the subject matter if of the person of appellant, as we have seen it had, is not questioned. This being so, it is manifest that the judgment is entitled to have the same credit, validity and effect in this State which it has in the State where rendered. Whatever pleas would be good to a suit on the judgment in that State, and no others, can be pleaded in the courts of this State. (*Lawrence* v. *Jarvis*, 32 Ill. 304, and cases cited; *Hampton* v. *McConnell*, 3 Wheat. 234.) These principles, it would seem, are conclusive against appellant, and further discussion is unnecessary.

All the elements essential to give the circuit court of Wisconsin jurisdiction to render the judgment being found, it follows that the judgment of the Appellate Court was correct, and will be affirmed.

*Judgment affirmed.*