ENOCH N. WOLD v. MINNESOTA COMMERCIAL MEN'S ASSOCIATION.[1]

May 4, 1917.

Nos. 20,221—(58).

**Minnesota organization doing business in Wisconsin.**

1. The facts proven are sufficient to show that defendant, a mutual insurance association of this state, was doing business in the state of Wisconsin.

**Corporation — service of process in Wisconsin — estoppel.**

2. As the Wisconsin statute required defendant, before doing business in Wisconsin, to consent that process could be served upon it by making service upon the insurance commissioner of that state, defendant is estopped from denying that it had given such consent.

**Same — Wisconsin judgment valid in Minnesota court.**

3. The Wisconsin court acquired jurisdiction over defendant by service of process upon the insurance commissioner, and its judgment is binding upon defendant in a suit brought thereon in this state.

[1]Reported in 162 N. W. 461.

Action in the district court for Hennepin county to recover $349.13 upon a judgment recovered against defendant in the circuit court of Portage county, Wisconsin. Defendant's demurrer to the complaint was overruled. Defendant obtained an order to show cause why its proposed answer should not be served as the answer in the case, and after hearing the order to show cause was discharged, Hale, J. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Rieke & Hamrum,* for appellant.

*Edward O. Wergedahl* and *Browne, Browne & Smith,* for respondent.

TAYLOR, C.

Plaintiff brought suit in the district court of this state, upon a judgment rendered against defendant by the circuit court of the state of Wisconsin, and obtained a judgment in the district court from which defendant has appealed. Defendant contends that the Wisconsin court did not have jurisdiction over defendant, and that its judgment is invalid and of no effect for that reason.

The Wisconsin suit was brought upon a contract of insurance, whereby defendant agreed to pay plaintiff certain specified sums in case plaintiff should sustain accidental bodily injury. The process was served upon the insurance commissioner of Wisconsin, under a statute which requires foreign insurance companies doing business in that state to appoint such commissioner as their agent to accept service of such process.

Defendant claims that it never did business in Wisconsin and never appointed the insurance commissioner of that state as its agent to accept service of process, and that the service in question was therefore of no effect.

Defendant is a purely mutual insurance company incorporated under the laws of the state of Minnesota, and has its office or place of business in the city of Minneapolis. It has no other office or place of business anywhere, and has no agents of any kind except the officials at its Minneapolis office. Plaintiff is, and for many years has been, a resident of Amherst in the state of Wisconsin. Defendant from its Minneapolis office mailed plaintiff at Amherst a blank application for membership accompanied by a circular soliciting members. Plaintiff filled out the

application at Amherst and mailed it to defendant at Minneapolis. Defendant made out and executed the certificate or contract of insurance at Minneapolis and mailed it to plaintiff at Amherst. Thereafter defendant mailed notice of assessments as they became due to plaintiff at Amherst, and plaintiff transmitted the amount of such assessments by mail to defendant at Minneapolis. Defendant obtained other members residing in Wisconsin in the same manner and conducted its business with them in the same manner. Although defendant had no soliciting agents, it offered premiums to its members for procuring others to become members, and the notices of assessment sent to plaintiff and others were usually accompanied by blank applications for membership for use in procuring additional members. The insurance contract gives defendant the right to make such examination and investigation as it sees fit concerning claims arising under its contracts, including the right to make medical and *post mortem* examinations, and also requires that disputed claims be submitted to arbitration. That procuring members, collecting assessments, and conducting business in the manner stated, constitute doing business in the state of which the members so procured are residents, we think is no longer open to question. Kulberg v. Fraternal Union of America, 131 Minn. 131, 154 N. W. 748; Braunstein v. Fraternal Union of America, 133 Minn. 8, 157 N. W. 721; Connecticut Mut. Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. ed. 569; Commercial Mut. Accident Co. v. Davis, 213 U. S. 245, 29 Sup. Ct. 445, 53 L. ed. 782; State v. Columbian Nat. Life Ins. Co. 141 Wis. 557, 124 N. W. 502. The Kulberg case also held that, as the statute required a foreign insurance company, before doing business in this state, to consent that process could be served upon it by making service upon the insurance commissioner, a foreign insurance company, if doing business in this state, would not be heard to deny that it had given such consent. The Minnesota statute there under consideration goes no further in this respect than the Wisconsin statute, and the rule applies with equal force to the present case. See also Corbett v. Physicians' Casualty Assn. 135 Wis. 505, 115 N. W. 365, 16 L.R.A.(N.S.) 177.

Defendant further insists that it is exempt from the operation of the above statutory provision for the reason that it is a purely mutual company, and cites State v. National Accident Society of New York, 103

Wis. 208, 79 N. W. 220, as authority for its contention. But the question here presented was not involved or considered in that case, and, whatever may have been the effect of the statute as it then existed, the statute as it now exists expressly requires such companies, before doing business within the state, to consent that process may be served upon them by serving it upon the insurance commissioner.

We have reached the conclusion that defendant was doing business in Wisconsin; that it is estopped from denying the validity of the service of process upon the insurance commissioner of that state, and that the Wisconsin judgment was valid and binding upon it. It follows that the judgment rendered in this state was correct and should be and is affirmed.