IN RE RECEIVERSHIP PROCEEDINGS LANDERS-MORRISON-CHRISTENSON COMPANY.

L. I. BARRETTE v. MELIN BROTHERS, INCORPORATED. GEORGE S. GRIMES, RECEIVER, RESPONDENT.[1]

June 4, 1920.

No. 21,795.

**Appeal and error — review of facts presented on conflicting affidavits.**
    1. On an appeal from an order based on conflicting affidavits, disputes as to the facts must be taken as having been received in favor of the respondents.

**Refusal to set aside receiver's sale justified.**
    2. The evidence justified the court in refusing to set aside the sale made by the receiver, or to interfere with the possession of the property.

[1]Reported in 177 N. W. 933.

**Order made without notice — estoppel against opposing party.**

3. A party may not complain that an order was made without notice where he has been accorded all the rights to which he would be entitled if such order had not been made.

Action in the district court for Hennepin county to sequestrate the property of defendant corporation and for the appointment of a receiver. Subsequently George S. Grimes was appointed receiver, and obtained an order of court directing him as receiver to convey certain real property by quitclaim deed to Landers-Morrison-Christenson Company. From an order, Jelley, J., denying its motion to set aside the order mentioned above, and the deed made pursuant to that order, Melin Brothers, Incorporated, appealed. Affirmed.

*E. Luther Melin, D. Theodore Melin* and *Roberts & Strong,* for appellant.

*James C. Melville* and *Gordon Grimes,* for respondents.

TAYLOR, C.

A judgment having been rendered against Melin Brothers, Incorporated, and an execution issued thereon having been returned unsatisfied, George S. Grimes was appointed receiver of the corporation on April 13, 1917, in proceedings to sequester its assets for the benefit of its creditors. On September 6, 1919, the court authorized and directed the receiver to execute to Landers-Morrison-Christenson Company a quitclaim deed to part of a lot in the city of Minneapolis, of which they were in possession, on payment to him of the sum of $100. The receiver received the payment and executed the deed which was recorded on September 18, 1919. On November 21, 1919, Melin Brothers, Incorporated, procured an order requiring Landers-Morrison-Christenson Company, who will be referred to as respondents hereafter, and the receiver to show cause why the order directing the execution of the deed should not be revoked, the deed and its record annulled, and possession of the property be delivered to the receiver. The hearing resulted in an order denying the application and discharging the order to show cause. Melin Brothers, Incorporated, appealed.

As the application was denied and no findings of fact were made, all

controverted questions of fact must be considered by this court as having been resolved against the appellant.

It is conceded that appellant owned the land prior to the commencement of any of the proceedings mentioned herein and had constructed a duplex, or two-family residence, on it; that the property was incumbered by two mortgages which became due and had been foreclosed prior to 1915; that the mortgagees, who were the purchasers at the foreclosure sales, had made an agreement to extend the time for redemption and had thereby voided the foreclosures; that the property was also incumbered by several mechanic's liens which had been reduced to judgment, but which were inferior and subordinate to the mortgage liens; that the building was partially destroyed by fire in the spring of 1915; and that shortly after the fire respondents, who held all the rights under both mortgages and have since acquired releases or conveyances from the holders of most of the mechanic's liens, took possession of the property and repaired the building and have remained in possession ever since.

Appellant presented affidavits tending to show that respondents took possession of the property without right and wrongfully retain such possession, and asked that the court require them to deliver possession to the receiver. Respondents presented affidavits to the effect that appellant had voluntarily surrendered possession of the property to them, under an agreement that they should remain in possession until appellant paid the amount due on the mortgages, and that appellant has paid nothing. The respondents had been in possession of the premises nearly two years before the receiver was appointed, but, passing the point that they could not be ousted on ex parte affidavits in the summary manner here attempted, it is sufficient to say that, as the affidavits were conflicting, the decision of the trial court refusing to dispossess them must stand.

Appellant contends that the order and sale should be set aside as improvidently made. This contention is based on the claim that the interest in the property conveyed by the deed was of much greater value than the sum of $100. Appellant presents affidavits tending to show that the amount due respondents, when reduced by the amount of rentals which they ought to have received from the property, was con-

siderably less than the value of the property, but made no attempt to show that any one was ready or willing to pay more than $100 for the so-called "equity." Respondents presented affidavits tending to show that the amount due on the mortgages considerably exceeded the value of the property, and setting forth in detail the amounts they had expended on the property and their receipts from it. They also offered, in the district court and again in this court, to convey the property to the appellant or to any one else for the amount due on the mortgages. The conclusion of the trial court that the sale ought not to be set aside is amply supported by the record.

Appellant also complains that the order authorizing the sale was made without notice. Appellant was permitted to attack the sale in the same manner and to the same extent as if it had been made by the receiver without a prior order of the court, and consequently has not been deprived of any rights by the order. The order appealed from is affirmed.