## MINNIE MAE BENN, AS EXECUTRIX OF THE ESTATE OF ROBERT J. BENN v. MINNESOTA COMMERCIAL MEN'S ASSOCIATION.[1]

May 27, 1921.

No. 22,211.

**Process — service on insurance commissioner of foreign state valid.**

Action on judgment obtained in Montana court against Minnesota corporation, begun by service of process on insurance commissioner in accordance with Montana statute. Defendant had never appointed an agent in Montana to receive service. Judgment *held* valid under authority of Wold against this defendant, 136 Minn. 380, 162 N. W. 461. Rule of Federal cases distinguished. [Reporter.]

Action in the district court for Hennepin county to recover $6,545.90. The case was tried before Waite, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

[1]Reported in 182 N. W. 999.

149 M.—32.

*Rieke & Hamrum* and *Lancaster, Simpson, Junell & Dorsey* and *Robert Driscoll,* for appellant.

*Alphonse A. Tenner, Edward E. Tenner* and *T. H. MacDonald,* for respondent.

PER CURIAM.

This case, in all substantial respects, is similar to the case of Wold against this same defendant reported 136 Minn. 380, 162 N. W. 461. That was an action on a judgment rendered by a Wisconsin court on a certificate of insurance issued by defendant to a resident of the state of Wisconsin. Defendant had never appointed an agent in Wisconsin to receive service of process and the service in the Wisconsin action was made on the insurance commissioner of that state as authorized by the statute of that state. Defendant contended that it did no business in Wisconsin and that the Wisconsin court acquired no jurisdiction over it by such service. We held that defendant was doing business in Wisconsin, that the Wisconsin court acquired jurisdiction by service on the insurance commissioner, and that its judgment was valid.

The present action is brought on a judgment rendered by a Montana court on a certificate of insurance issued by defendant to a resident of the state of Montana. Defendant has never appointed an agent in Montana to receive service of process, and the service was made on a state official as authorized by the Montana statute in such cases. Defendant contends that the Montana court acquired no jurisdiction by this service and that its judgment is void for that reason.

Defendant was doing business in Montana of the same nature and in the same manner as in Wisconsin. But defendant insists that the contract of insurance is a Minnesota contract, and that, in a suit on such a contract, the courts of Montana cannot acquire jurisdiction over it by service on a state official, whose only authority to accept such service is derived from a statute of Montana. In support of this contention it cites Old Wayne Mut. Life Assn. v. McDonough, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. ed. 345; Simon v. Southern Ry. Co. 236 U. S. 115, 35 Sup. Ct. 255, 59 L. ed. 492, and other cases, and urges that the Federal cases are controlling and that the Wold case is not in accord with them. Even if the contract be a Minnesota contract, it had its inception in the Montana business and involves the rights of a citizen of Montana growing out of the business done in that state, and we think the case does not come within the rule applied in the Federal cases cited.

Our conclusion is that the Wold case should be followed until the Federal Supreme Court shall pronounce it erroneous.

Judgment affirmed.