MASSEY STEAMSHIP COMPANY v. NORSKE LLOYD
INSURANCE COMPANY, LTD.

MASSEY STEAMSHIP COMPANY v. AMERICAN MERCHANT
MARINE INSURANCE COMPANY OF NEW YORK.

MASSEY STEAMSHIP COMPANY v. NORWEGIAN ATLAS
INSURANCE COMPANY, LTD. OF CHRISTIANA
AND ANOTHER.

MASSEY STEAMSHIP COMPANY v. THE NORWEGIAN
JOINT INSURANCE COMPANY, P. K. W. S. LTD.
OF CHRISTIANA, NORWAY.

MASSEY STEAMSHIP COMPANY v. UNION HISPANO
AMERICANA DE SEGUROS, S. A. (SPANISH AMERICAN),
UNION INSURANCE COMPANY, APPELLANT.

MASSEY STEAMSHIP COMPANY v. NATIONAL INSURANCE
COMPANY OF COPENHAGEN.[1]

September 15, 1922.

Nos. 22,793, 22,779, 22,799, 22,795, 22,796.

**Foreign insurance company not immune from service of process by insured, when.**

A foreign insurance company writing insurance upon property in this state does not establish its immunity from the service of process in an action in the district court brought by the insured upon one of its policies by merely showing that the policy was not issued in this state, that it had no officer, agent or place of business in Minnesota and that it had not appointed the insurance commissioner, upon whom the service was made, as its attorney in fact to receive service of process.

Actions in the district court for St. Louis county to recover upon marine insurance policies. Defendants appeared specially and moved the court to quash the service of summons and complaint. The motion was denied, Magney, J. From the order denying the motion to quash, defendants appealed. Affirmed.

[1]Reported in 189 N. W. 714.

*Warren, Cady, Hill & Hamblen, Spencer & Spencer, Carl V. Essery, George S. Brengle* and *Bingham, Englar & Jones,* for appellants.

*Washburn, Bailey & Mitchell* and *Kelley* and *Cottrell,* for respondent.

LEES, C.

In April, 1921, several actions were brought to recover upon policies of marine insurance issued by each of the appellants to the respondent covering the steamship Ferdinand Schlesinger, lost in Lake Superior May 26, 1919. The appellants are foreign insurance companies which have not appointed the insurance commissioner of this state as their agent to receive service of process and have no office or official representative in Minnesota. The summons in each action was served on the insurance commissioner. The appellants made special appearance and moved that such service be vacated and set aside on the ground that it was "insufficient, illegal and void."

The motions were heard upon affidavits and were denied and these appeals followed. The sole question is whether the service gave the district court of St. Louis county jurisdiction to render personal judgments against the appellants.

The Schlesinger was registered at the Port of Duluth and was owned by the respondent. Respondent is a Minnesota corporation and the steamer was assessed for taxation at Duluth. According to an affidavit offered in appellants' behalf and not contradicted the insurance was effected in the following manner: In the spring of 1919 the respondent at its office in Superior, Wisconsin, ordered by mail from Prindiville & Company, insurance brokers at Chicago, Illinois, hull policies in the sum of $50,000 and disbursement policies in the sum of $30,000. The Schlesinger was then in winter quarters at Menominee, Michigan. The brokers arranged for the insurance and procured the policies from the appellants. The policies were signed outside the state of Minnesota. On receiving them, the brokers forwarded them to respondent at Superior. The policies were not included in the return to this court and are not covered by the certificate of the trial judge or printed in the record.

It was stated upon information and belief, in an affidavit offered in respondent's behalf, that the appellants issued policies of insurance in the years 1919, 1920 and 1921 on other vessels owned by Minnesota corporations and registered at the Port of Duluth. This statement was not contradicted. It was also stated that appellants, in combination with other insurance companies, own and control the American Bureau of Shipping, an association maintaining an office in Duluth, occupied by E. L. Drake, a marine surveyor employed by the bureau to inspect vessels at Duluth for the appellants and other insurance companies. This statement was contradicted by the affidavit of the manager of the bureau who stated that it was a New York corporation without capital stock, with a membership composed of shipbuilders, owners, masters, underwriters, merchants and officials of the United States government and having as its object the promotion of the security of life and property on the seas. There was an express denial that it was a combination of insurance companies or that it was owned or controlled by such companies coupled with an affirmation that its services are rendered mainly to owners of vessels from whom it receives fees which largely constitute the source of its income. It was shown that the Schlesinger sank off Passage Island light on Lake Superior within the territorial waters of the state of Michigan.

The argument was presented under three heads:

(1) The situs of the property insured.

(2) The place where the loss occurred.

(3) The transaction of business within the state of Minnesota by the appellants.

(1) In Ayer & Lord Tie Co. v. Commissioner of Kentucky, 202 U. S. 409, 26 Sup. Ct. 679, 50 L. ed. 1082, 6 Ann. Cas. 205, it was held that for purposes of taxation the situs of a vessel engaged in coastwise trade was determined by the domicile of the owner, irrespective of the place of enrollment of the vessel. Here the owner is a Minnesota corporation and Duluth is the place of enrollment. The conclusion follows that, in issuing the policies, the appellants were insuring property within the state of Minnesota.

(2)  The determination of the ultimate question in the case is not affected by the circumstance that the loss occurred upon the territorial waters of the state of Michigan, and we pass the second branch of the argument without further comment.

(3)  Unless the trial court was justified in concluding that appellants were doing business in this state, the orders denying their motions cannot be sustained.  The vital question is whether, upon the showing made, such a conclusion could properly be reached. Appellants had the burden of showing that they were not present in the state so as to be subject to the service of process.  Hagerty v. National E. & T. Co. 137 Minn. 119, 162 N. W. 1068.  The decisions of the Supreme Court of the United States are controlling upon the question of whether a foreign corporation was doing business in a state, of such a character as to expose it to suit in the courts of the state.  W. J. Armstrong v. New York C. & H. R. R. Co. 129 Minn. 104, 151 N. W. 917, L. R. A. 1916E, 232, Ann. Cas. 1916E, 335; Atkinson v. U. S. Operating Co. 129 Minn. 232, 152 N. W. 410, L. R. A. 1916E, 241; Chipman v. Thos. B. Jeffery Co. 251 U. S. 373, 40 Sup. Ct. 172, 64 L. ed. 314.  They are reviewed in Louis F. Dow Co. V. First Nat. Bank, supra, page 19.

The Federal cases upon which appellants rely are Old Wayne Mut. Life Assn. v. McDonough, 204 U. S. 8, 27 Sup. Ct. 236, 51 L. ed. 345; Allgeyer v. Louisiana, 165 U. S. 578, 17 Sup. Ct. 427, 41 L. ed. 832; Marine Ins. Co. v. St. Louis Ry. Co. (C. C.) 41 Fed. 643; Hazeltine v. Mississippi Ins. Co. (C. C.) 55 Fed. 743, and Tomlinson v. Iowa Assn. (D. C.) 251 Fed. 171.  The last three cases were decided by district judges on motions to set aside the service of process.

In the McDonough case it affirmatively appeared that the contract of insurance upon which the action was founded was entered into at Indianapolis.  The action was brought in Pennsylvania. The court intimated that the association might be held to have assented to the service of process upon the insurance commissioner of Pennsylvania by going into that state without first complying with its statute, insofar as suits might be brought against it there, in respect of business transacted by it in that commonwealth, but

held that such assent could not properly be implied where the business was in fact transacted in the state of Indiana.

In the Allgeyer case, counsel for the state of Louisiana admitted in his brief that the contract of insurance was not entered into in that state. A fair inference from the language of the opinions in these two cases is that the decision might have been different if there had been a question respecting the place where the contract was made.

The third case cited involved a statute of Arkansas requiring foreign corporations to comply with certain requirements before carrying on business in that state. It was held that issuing a policy of insurance in New York on property in Arkansas could not be considered as the carrying on of business in the latter state within the meaning of the statute.

In the fourth case it was held that the insurance by correspondence of property in Maine owned by a resident of that state did not constitute the carrying on or doing of business in that state within the meaning of a statute authorizing service of process· upon the insurance commissioner, when the foreign insurance company had no office or agent in Maine. In the course of the opinion it was remarked that there was no proof that the company had issued other policies covering property in Maine. The inference is that, if there had been such proof, the result might have been different.

In the last of the cases cited the contract of insurance was made in Iowa and suit upon it was brought in Missouri. The facts were substantially the same as in Wold v. Minnesota Com. Men's Assn. 136 Minn. 380, 162 N. W. 461, followed in Benn v. Minnesota Com. Men's Assn. 149 Minn. 497, 182 N. W. 999, but a directly opposite conclusion was reached.

Respondent relies on the following cases: Connecticut Mut. Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. ed. 569; Commercial Mut. Acc. Co. v. Davis, 213 U. S. 245, 29 Sup. Ct. 445, 53 L. ed. 782; Bankers' Surety Co. v. Town of Holly, 219 Fed. 96, 134 C. C. A. 536; Iowa State Trav. Men's Assn. v. Ruge, 242 Fed. 762, 155 C. C. A. 350; Kulberg v. Fraternal Union of America, 131 Minn. 131, 154 N. W. 748; Wold v. Minnesota Com. Men's Assn.

supra; Firemen's Ins. Co. v. Thompson, 155 Ill. 204, 40 N. E. 488, 46 Am. St. 335.

In the Davis case it was said that statutes such as ours are necessary to enable a party to a contract with a foreign corporation to obtain service on a local agent and that their purpose was to make it possible to obtain redress without seeking it in a distant state where the corporation happened to have its home office. The record in that case disclosed that the company had other outstanding insurance policies in the state, that premiums upon them were paid, and that it had the right to investigate losses thereunder, examine the body of the insured after death, and do whatever was necessary to adjust the loss. Upon that state of facts it was held that the company was doing business in the state where the insured resided, and service of process upon its physician, who had entered the state to investigate the loss, was sustained.

In Bankers' Surety Co. v. Town of Holly, it was held by the circuit court of appeals for the Eighth circuit that the execution and delivery of a bond by a foreign surety company to secure the performance of a contract in the state of Colorado was the transaction of business in that state. The bond was executed by the company at Kansas City and was delivered by the principal obligor to the town. The town had required the principal to furnish a bond executed by a surety company authorized to do business in Colorado, and the court said that in executing the bond the company represented to the town that it was so authorized. Firemen's Ins. Co. v. Thompson, supra, was criticised in Pembleton v. Illinois Com. Men's Assn. 289 Ill. 99, 124 N. E. 355, but was not overruled. Its value as authority for respondent is somewhat impaired by the later decision.

The Ruge case is in line with the holding of this court in the Wold case, and it is entitled to special consideration for the reason that an application for a writ of certiorari to review it was denied by the Supreme Court of the United States, 245 U. S. 657, 38 Sup. Ct. 14, 62 L. ed. 534.

In the Kulberg case, a Colorado fraternal association absorbed and took over insurance written by another association not incor-

porated in Minnesota and thereafter collected the premiums on a certificate issued by the latter association to a resident of this state. In sustaining service of the summons on the insurance commissioner in an action brought on the certificate in Minnesota the Chief Justice said [131 Minn. 135]:

"The situation is precisely the same as though defendant had originally issued this particular insurance contract and thereafter had collected the premiums due thereon. The issuance of the contract would have constituted the transaction of business in this state, and the collection of premiums due thereon a continuance of that business."

In this connection an observation of the court in Pennsylvania Lumbermen's Ins. Co. v. Meyer, 197 U. S. 407, 25 Sup. Ct. 483, 49 L. ed. 810, is pertinent. The court said [page 415]: "The contract itself is the very kind of contract which constituted the legal business of the company. * * * This is not a sporadic case, nor the contracts in suit the only ones of their kind issued upon property within the state of New York," and again: "If not doing business in such a case, what is it doing?" This question concluded a discussion of the effect of the sending by the company of its agent into the state to adjust a loss covered by its policies.

The result of our examination of the cases is this: The Supreme Court of the United States has not decided that a foreign insurance company is not amenable to the process of the courts of a state in actions brought upon insurance policies issued to citizens of that state covering property situated in the state, or that such a company is not doing business in the state to an extent which subjects it to the service of such process when it appears that it had issued other policies covering other property within the state. We therefore hold that appellants failed to establish immunity from the service made in these cases by merely showing that the contract of insurance was not executed in this state and that they had no officer, agent or place of business in Minnesota and had not appointed the insurance commissioner as their attorney in fact to receive service of process.

Orders affirmed.