## VICTOR N. GAU v. J. BORGERDING & COMPANY AND ANOTHER.[1]

April 19, 1929.

No. 27,272.

---

[1]Reported in 225 N. W. 22.

*Cobb, Hoke, Benson, Krause & Faegre,* for appellants.
*Donohue, Quigley & Donohue,* for respondent.

STONE, J.

In this action for personal injuries, plaintiff had a verdict for $25,000 but consented to a reduction thereof by the trial court to $23,500. Defendants appealed from an order denying their motion for a new trial, and the order was affirmed here. 175 Minn. 150, 220 N. W. 412. After the case was remanded to the district court, defendants again moved for a new trial but upon the sole ground of newly discovered evidence, the latter consisting of proof of happenings subsequent to the trial. That motion was denied, and defendants again appeal.

Defendants have had plaintiff under surveillance by detectives since the trial. They observed his activities and among other things took motion pictures of him while engaged in trap shooting. There is evidence also that plaintiff, after procuring his large verdict, found himself able to engage in hunting prairie chickens and ducks. Putting aside for the moment the moving pictures, which were received in the court below as an exhibit in support of defendants' motion and have been so considered here, the affidavits raise very sharp issues of fact and even of credibility. At important points the affidavits for plaintiff directly contradict those for defendants. The decision of those issues adverse to defendants (see Barrette v. Melin Brothers, Inc. 146 Minn. 92, 177 N. W. 933) goes far in explaining the denial of the motion for new trial. The moving pictures of plaintiff, while they may not show a man injured to the serious extent to which apparently the jury thought that plaintiff had been hurt, yet do not require a reversal. They were viewed by surgeons, whose affidavits were used in opposition to the motion, as not inconsistent with plaintiff's claim as to the nature and extent of his injuries. The films are not clear nor of such a nature as to

enable us to say that the view of these surgeons and the resulting decision below were wrong.

New trials upon the ground of newly discovered evidence are always granted cautiously. Where the new evidence consists solely of happenings subsequent to the trial, there is special need for caution. State v. Watrous, 177 Minn. 25, 224 N. W. 257. Being unable to find abuse of discretion in the order under review, it must be affirmed.

So ordered.