## F. C. MASSEE v. CONSUMERS HAY COMPANY, INC.[1]

October 2, 1931.

No. 28,524.

*Alexander Fosmark,* for appellant.
*Edgar A. Massee,* for respondent.

[1]Reported in 238 N. W. 327.

HILTON, J.

Defendant appeals from an order denying its motion "for an order setting aside and vacating the summons herein and the service thereof."

Defendant is a Wisconsin corporation with its principal place of business at Rhinelander in that state. It is engaged in the business of buying and selling hay for commercial purposes.

The action is based upon two checks payable to plaintiff and issued and delivered by defendant to plaintiff for the purchase price of two carloads of baled hay. Payment on these checks was stopped by defendant, and they were duly protested.

Defendant never complied with G. S. 1923 (2 Mason, 1927) § 7493, authorizing foreign corporations to transact business in this state.

Summons and complaint were served upon one George Castle of the city of Crookston, Minnesota, who at the time of the service of the summons was buying hay for defendant from farmers in that locality on a commission basis. Plaintiff's claim was that Castle was the agent of the defendant.

After service of the summons and complaint the defendant appeared specially, made a motion to set aside the service of the summons upon the ground that it was a foreign corporation, incorporated under the laws of Wisconsin, with its principal place of business in Rhinelander in that state, had no property within Minnesota, and did not have an agent within said state upon whom service of process might be made; that what business it did within Minnesota was purely and solely of an interstate character and that the court was without jurisdiction over defendant.

The error assigned is the denial of appellant's motion for an order setting aside the service of the summons.

Two questions are presented: Was the defendant doing business in Minnesota within the meaning of G. S. 1923 (2 Mason, 1927) § 9231? Was Castle the agent of the defendant at the time service of summons was made? Both questions are answered in the affirmative.

The whole matter was presented to the court upon affidavits. In this proceeding the burden of showing that it was not present in Minnesota so as to be subject to service of process was upon the defendant. Hagerty v. National F. & T. Co. 137 Minn. 119, 162 N. W. 1068; Massey S. S. Co. v. Norske Lloyd Ins. Co. Ltd. 153 Minn. 136, 189 N. W. 714.

The order entered in this case is based upon conflicting affidavits. On appeal therefrom dispute as to facts must be taken as having been resolved in favor of the prevailing party. Barrette v. Melin Bros. Inc. 146 Minn. 92, 177 N. W. 933; Gau v. J. Borgerding & Co. 177 Minn. 276, 225 N. W. 22.

Appellant's affidavits admit that Castle for a number of years past had been authorized to purchase hay for appellant in Minnesota and to issue checks on its bank in Rhinelander in payment therefor. It however claims that authority so to purchase was "subject to the ultimate ratification and approval of said defendant" at Rhinelander, Wisconsin. This contention is squarely contradicted in other affidavits. Castle was supplied with checks on defendant's bank, these being stamped with appellant's name, and when issued signed thereunder in ink "By Geo. Castle." These checks were ordinarily given to and accepted by persons from whom hay was bought.

Such was the situation in the purchase of two carloads of hay bought from plaintiff and for which the two checks here in question were given. Three other carloads had previously been bought of plaintiff and paid for in the same manner; these checks were honored. The record is silent as to any similar purchase ever having been made where defendant made an inspection other than such as was made by Castle or had an opportunity to do so. The business transacted by defendant with plaintiff was an intrastate transaction.

Castle was not an officer of defendant. Under the showing in the affidavits he was its agent, though not appointed in writing as such in the manner required by the Minnesota statute. Hay had been bought from persons other than plaintiff and paid for in the same manner as was done in this case. The only time that defendant ap-

peared directly in any transaction with plaintiff in purchasing hay was when defendant sent a telegram to Castle on the day the two cars here in question were delivered. This telegram read: "Bill one car Wisconsin, one car Minneapolis, pay separate checks." Of the five cars of hay sold by plaintiff to defendant in 1929 and 1930, at least two were shipped to and sold at points in Minnesota. Manifestly there was no opportunity for defendant to inspect those other than the inspection made by Castle.

As to the two cars here involved, Castle inspected the hay in stacks; inspected the stubble where the hay had been grown and cut; he inspected the hay while it was being baled and loaded on the cars; and had an opportunity to see every one of the bales. He inspected the hay, graded it, fixed different prices for the different grades, and issued checks accordingly. He stated: "That is good hay." Perhaps Castle's statement that "the hay market had gone hay-wire" of a significance in arriving at defendant's reason for stopping payment of the checks.

In addition to the foregoing, it appears from the record that by instruction from defendant Castle had attempted several times to adjust and settle the liability of the defendant resulting from the purchase of the hay. This is a circumstance in establishing the agency. See Hagerty v. National F. & T. Co. 137 Minn. 119, 162 N. W. 1068.

The cases cited by defendant are not in point and are clearly distinguishable from the facts here. The order of the district court was a proper one.

Affirmed.