COHN-HALL-MARX COMPANY v. ARNOLD FEINBERG.[1]

April 2, 1943.

No. 33,391.

[1]Reported in 8 N. W. (2d) 825.

*O'Brien & Kronebusch,* for appellant.
*Gainsley, Gould & Levitt,* for respondent.

THOMAS GALLAGHER, JUSTICE.

This is an action by the Cohn-Hall-Marx Company, a New York corporation, to recover the sum of $2,000 from defendant on the latter's written guaranty of plaintiff's account with the Carol Manufacturing Company, a Minnesota corporation. Defendant admitted the execution of the guaranty agreement but denied that plaintiff was authorized to maintain its action in Minnesota, for the reason that, although engaged in local business within the state, plaintiff had not obtained the certificate of authority required by Minn. St. 1941, § 303.20 (Mason St. 1940 Supp. § 7495-20).

The action was tried to the court, which made findings sustaining defendant's contentions and holding that plaintiff was not entitled to maintain its action in the Minnesota courts. Plaintiff's motion for amended findings or a new trial was denied, and it appealed from the judgment entered pursuant to the order for judgment.

Plaintiff's principal place of business is in New York City, and its principal business activities consist of the sale of "piece goods" to large department stores and manufacturers. In the mercantile trade it is described as a "converter."

For many years prior to the commencement of this action plaintiff carried on substantial business activities in Minnesota. From December 6, 1929, until September 28, 1933, it was licensed and qualified to do business in this state as a foreign corporation. On the latter date it withdrew such qualification and thereafter was not licensed to do business in Minnesota.

At the time of the commencement of this action and for five years prior thereto, plaintiff maintained offices in the city of Minneapolis and was represented therein by its agent, Leon J. Rollins, employed on a commission basis. Plaintiff's name was printed on the door of such office, and its name, address, and telephone number were carried in the Minneapolis telephone directory. A stenographer was regularly employed in said office. All charges for rent, telephone, and wages were paid by plaintiff.

Plaintiff paid personal property taxes here and supplied its agent with stationery on which its name and its Minneapolis address were printed. Bolts and samples of its merchandise were kept in the Minneapolis office, and deliveries were sometimes made therefrom. Its agent, Rollins, continually solicited business for the company, handled claims, and made adjustments of complaints. A substantial business was conducted here as a result of such activities.

The specific contract here sued upon arose out of a transaction instituted by plaintiff's agent in Minnesota. At his suggestion, defendant formed a Minnesota corporation, known as the Carol Manufacturing Company, for the purpose of manufacturing dresses from material to be purchased from plaintiff. Plaintiff agreed to extend to this newly formed corporation a line of credit, and defendant executed an agreement guaranteeing the account up to the sum of $2,000. This contract of guaranty was presented to defendant by Rollins in Minnesota and was executed by defendant here.

Thereafter a considerable amount of merchandise was sold to the Carol company by plaintiff through its agent, Rollins. A substantial part of such merchandise was shipped to the Carol company from plaintiff's New York office. Additional merchandise, comprised of material which had been returned from other customers, was sold and delivered to the company from plaintiff's Minneapolis office. Throughout, plaintiff's Minnesota agent advised the Carol company with reference to lines, patterns, styles, etc.

Subsequently, the Carol company went into bankruptcy. At

that time it was indebted to plaintiff in excess of the $2,000 guaranteed by defendant, and in consequence this action arose.

Upon the foregoing facts, which are undisputed, the trial court based its finding that plaintiff was engaged in business in Minnesota, that it had failed to qualify as a foreign corporation, and therefore was barred from maintaining this action. It is plaintiff's contention that this entire transaction was limited strictly to interstate commerce and hence that this action could be maintained thereon regardless of the intrastate business which plaintiff conducted here.

■ An examination of the undisputed evidence here presented indicates clearly that plaintiff's principal activities in Minnesota were purely local or intrastate. The question of what constitutes local or intrastate business is largely one of fact to be determined by the circumstances presented in each particular case. 20 C. J. S., Corporations, p. 45, § 1828. On different occasions we have held that activities such as plaintiff was engaged in here clearly constituted intrastate business. See Thomas Mfg. Co. v. Knapp, 101 Minn. 432, 112 N. W. 989; Dahl v. Collette, 202 Minn. 544, 279 N. W. 561; Massee v. Consumers Hay Co. Inc. 184 Minn. 196, 238 N. W. 327. In the Thomas case, this court said (101 Minn. 434, 112 N. W. 990):

"It is conceded that sales of goods by a foreign corporation, even through a traveling salesman sent into the state, to a resident of the state, to be shipped to him in the state, belong to the operations of interstate commerce, and are consequently not subject to the prohibitions of the statute. * * * But the interstate commerce clause does not apply when the foreign corporation maintains a resident agent in the state whose business it is to solicit orders for and deliver the goods of the corporation to the purchaser."

Accordingly, in the instant case, under the facts above stated, unless the specific agreement here sued upon was strictly an inter-

state commerce transaction, there can be no question that the findings and conclusions of the trial court are correct.

■ With reference to the particular transaction here involved, the evidence seems to indicate that it was primarily an intrastate matter. The negotiations preliminary to the formation of the Carol Manufacturing Company were conducted in Minnesota through plaintiff's Minnesota agent and office. Plaintiff's prior local activities performed through such agent led directly to the agreement, which was executed and delivered in Minnesota; and, while it guaranteed the payment of merchandise to be sold by plaintiff to the Carol company, nowhere did it specify that such merchandise was to be shipped from outside the state, and in fact, it later developed that a portion of the merchandise came from plaintiff's Minneapolis office.

The case of Victor Talking Machine Co. v. Lucker, 128 Minn. 171, 150 N. W. 790, relied upon by plaintiff, is distinguishable from the instant case on the facts involved. In the Lucker case we affirmed the findings of the trial court that the corporation there involved was not engaged in intrastate commerce at the time of the transactions there in question, because, among other factors, it maintained no store, warehouse, or place of business in Minnesota and shipped goods therein only to fill orders received in its New Jersey office by mail or through its traveling representatives.

Here it appears that the facts and circumstances, considered together and coupled with plaintiff's other local activities, provided ample basis for the trial court's finding that this cause of action was based on transactions and agreements primarily local in character and hence that before plaintiff could maintain this action thereon it was essential for it to qualify as a foreign corporation under said § 303.20 (§ 7495-20).

Affirmed.