# ISADORE KULBERG v. FRATERNAL UNION OF AMERICA.[1]

November 12, 1915.

Nos. 19,446—(32).

**Mutual benefit association — jurisdiction over foreign society.**

1. Defendant, a beneficiary association organized under the laws of the state of Colorado, consolidated with a like association of the state of Nebraska which had previously assumed a certain policy of insurance issued to a resident of this state by a prior association organized under the laws of Iowa, at a time when such prior association was authorized to transact its business in this state; defendant by the consolidation agreement assumed liability under that policy and other like policies issued by the older association to the members residing in this state, and continued thereafter to collect and receive premiums due thereon. Defendant never complied with G. S. 1913, § 3555, by the appointment of the state insurance commissioner for the service of process upon it in actions brought in this state. It is *held* that defendant is estopped to set up its failure to comply with the statute, or to assert that the service of the summons upon the insurance commissioner in this action was insufficient to confer jurisdiction upon the court to hear and determine the action.

**Same — transaction of business in Minnesota.**

2. The assumption of liability, in the form of reinsuring existing insurance contracts and the collection of premiums due thereon from members residing in the state, and to thus keep and maintain the contracts in force, constituted the transaction of business in this state.

Action in the district court for Ramsey county to recover $2,000 upon defendant's agreement to insure the life of Osias Kulberg. The defendant appeared specially for the purpose of objecting to the jurisdiction of the court and moved to vacate the service of the summons, on the ground that defendant was a foreign corporation, had never transacted business within the state of Minnesota and had never been authorized so to do.

1 Reported in 154 N. W. 748.

Defendant obtained an order directing plaintiff to show cause why the motion should not be granted. The application was heard before Michael, J., who denied the motion. From the order denying the motion to set aside the service of summons, defendant appealed. Affirmed.

*William G. White,* for appellant.

*A. J. Hertz* and *James E. Markham,* for respondent.

BROWN, C. J.

The only question involved in this appeal is whether the service of the summons in the action upon the state insurance commissioner conferred jurisdiction over defendant.

The facts are as follows:

The Modern National Reserve at a time prior to February, 1910, was a mutual beneficiary association organized under the laws of the state of Iowa, and authorized to transact its business in this state. In compliance with our statutes it appointed the insurance commissioner as its representative upon whom the service of process against it might be made. The association issued to one Osias Kulberg a benefit certificate for the sum of $2,000 payable at his death to plaintiff in this action. The Highland Nobles was also a fraternal beneficiary association, organized under the laws of Iowa, and likewise authorized to transact its business in this state, and had designated the insurance commissioner for the service of process against it. On some date prior to February 25, 1910, the precise date does not appear, both these associations were excluded from the state and debarred from the right to further transact their insurance business therein. On February 24, 1910, the two associations entered into an agreement by the terms of which the Highland Nobles reinsured all members in good standing in the National Reserve, assumed all the liabilities of that association, and agreed to pay to each and every certificate holder thereof all the benefits he might be entitled to thereunder. While the agreement refers to the transaction between the two associations as a consolidation, it is clear from the various provisions thereof that the Highland association took over the business of the Reserve association, and the latter transferred all its property and effects to it, ceased to operate its insurance business, and the consolidated business was thereafter managed and controlled by the Highland company, "under its funda-

mental laws, rules and regulations." At the time of this reinsurance or consolidation neither association was entitled to engage in business in this state, and never thereafter became entitled to continue the business therein. Thereafter, on July 5, 1910, the Highland Nobles consolidated with the American Order of Protection, a fraternal beneficiary association organized and existing under the laws of the state of Nebraska, and the new association assumed the name of American Nobles. The terms and provisions of this agreement of consolidation do not appear any further than the new concern adopted the name of American Nobles and assumed the liabilities of the old associations. In March, 1912, this new association was absorbed by the Fraternal Union of America, defendant in this action, a fraternal beneficiary association organized and existing under the laws of the state of Colorado. This agreement refers to a merging and combining the associations into one, and the Fraternal Union association expressly reinsures the members of the American Nobles, and the agreement provides that thereafter the Fraternal Union, and its laws and regulations, shall govern and control the rights of the members of the consolidated associations. The effect of this arrangement was the merger of the old and the new associations, and the assumption by the latter of all existing insurance contracts and liabilities. This included the beneficiary certificate upon which this action is founded. The new association was a Colorado corporation and has never been authorized to transact its business in this state, and at no time has it appointed the insurance commissioner to accept service of process against it in actions brought in this state.

This action was brought against the new association, and the summons was served by delivering a copy thereof to the insurance commissioner, as provided for by G. S. 1913, § 3555, as to foreign beneficiary associations which have been admitted to the state for the transaction of their business therein.

Defendant appeared specially and moved the court to set the service of the summons aside as unauthorized and insufficient to confer jurisdiction over defendant. The motion was denied, but defendant was given twenty days within which to answer the complaint. Defendant appealed.

1. Plaintiff contends that since defendant assumed all the contract

and insurance liabilities and obligations of the original and succeeding associations, and as the successor of those associations has continued the transaction of its business in this state by the collection of premiums due from the members residing in this state, it will be conclusively presumed to have complied with the statutes requiring a designation of the insurance commissioner for the service of process against it; and, in any event, that under such circumstances it is estopped from setting up its own violation of the law, in its failure to so designate and appoint the insurance commissioner.

If the contention of plaintiff that the defendant, since the date of the consolidation agreement, has continued the transaction of the insurance business of the original association, by the collection of premiums upon existing certificates of members residing in this state, where the contracts were made, thus keeping the contracts in force, is sustained by the record, his position that defendant is estopped from questioning the service of the summons is sound. The precise question has been decided by the Federal courts, and by their decisions we are controlled, for the question involved is a Federal question. Plaintiff's position in the matter is sustained by the following cases: Ehrman v. Teutonia Ins. Co. 1 Fed. 471; Diamond Plate Glass Co. v. Minneapolis Mut. Fire Ins. Co. 55 Fed. 27; Sparks v. National Masonic Acc. Assn. 73 Fed. 277; Stewart v. Harmon, 98 Fed. 190. And they are all cited with approval in Old Wayne Mut. Life Assn. v. McDonough, 204 U. S. 8, 22, 27 Sup. Ct. 236, 51 L. ed. 345. Upon so assuming the liabilities of the older association, which necessitated the transaction of the business connected therewith in this state, defendant was under duty to comply with our statutes, and having failed to do so, is estopped from denying the jurisdiction of our courts, if it continued the transaction of its business in this state. So we have only to determine whether defendant, within the meaning of the law, was so transacting its business in this state at the time of the service of the summons herein.

2. It appears that the original association, Modern National Reserve, had complied with the laws of this state, and organized therein a local lodge, named in the record, Progress Council No. 131. All the members of that council, including the holder of the certificate here in suit, became members of defendant association at the time of the consolidation, at

which time defendant reinsured them, and assumed liability under their certificates of insurance. Since that date defendant has continued to collect premiums due from such members, and in this manner has transacted its business in this state. That this constitutes doing business in this state was affirmed by the Supreme Court of the United States in Connecticut Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. ed. 569; Commercial Mut. Acc. Co. v. Davis, 213 U. S. 245, 29 Sup. Ct. 445, 53 L. ed. 782; Mutual Reserve Fund Life Assn. v. Phelps, 190 U. S. 147, 23 Sup. Ct. 707, 47 L. ed. 987. The situation is precisely the same as though defendant had originally issued this particular insurance contract and thereafter had collected the premiums due thereon. The issuance of the contract would have constituted the transaction of business in this state, and the collection of premiums due thereon a continuation of that business. The assumption of liability under the contract was equivalent to entering into the same in this state, for the subject matter thereof was in this state, the person insured was a resident thereof, and the collection and payment of premiums were acts done in furtherance of defendant's business therein. While the affidavits covering this feature of the case, which were submitted to the trial court, are conflicting, the trial court was justified in finding the fact to be as just stated, and the question whether defendant was doing business in this state is answered by the foregoing citations.

3. It does not appear whether defendant is represented by some agent personally present in the state, such as to authorize service under G. S. 1913, § 7735, but this is not material since G. S. 1913, § 3555, providing for the service upon associations of this kind, furnishes the exclusive method of such service. Spencer v. Court of Honor, 120 Minn. 422, 139 N. W. 815.

Our conclusion therefore is that defendant is estopped from calling in question the sufficiency of the service of the summons, and that the motion to set the service aside was properly denied.

Order affirmed.