JOHN WILKEN, APPELLEE, V. MOORMAN MANUFACTURING COMPANY ET AL., APPELLANTS.

FILED MARCH 26, 1931. No. 27589.

*Norval Brothers, Tibbets & Hewitt* and *Wilson & Schmiedeskamp,* for appellants.

*Thomas & Vail, contra.*

PER CURIAM.

Defendants have appealed from a judgment for damages in an action sounding in tort.

(1)

The errors complained of relate solely to the jurisdiction of the court over the persons of the defendants.

Summons was served personally on defendant Rucklos in Seward county. It is claimed that he was enticed into that county for the purpose of obtaining service of process on him in this action. The evidence shows that Rucklos was a resident of Lancaster county; that he was frequently transacting business as a salesman or sales manager in Seward county and was in the county transacting such business on the day summons was served on him. The record does not sustain his contention that he was enticed within the jurisdiction of the court. The trial court properly overruled his special appearance.

Moorman Manufacturing Company is a foreign corporation. Summons was served on it by delivery of a copy to Rucklos as managing agent of the corporation. Later, an alias summons was issued and served on the corporation by delivery of a copy to the auditor of public accounts. The defendant corporation contends that Rucklos was not a managing agent, and that delivery to him of a copy of the summons was insufficient to give the court jurisdiction over it, and also contends that it was not doing business within the state, within the meaning of the statute, so as to authorize service of process upon it by delivery of a copy to the auditor of public accounts.

Section 20-513, Comp. St. 1929, provides: "When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent." If Rucklos was a managing agent, service of summons upon him would give the court jurisdiction.

From the record it appears that the defendant corporation is engaged in the manufacture of stock foods at Quincy, Illinois. It maintains a corps of salesmen and sales managers in this and other states who solicit orders which are sent to the company either at its office in Quincy or at an office which it maintains in Council Bluffs, Iowa, where the orders are filled and shipped direct to the purchaser. It requires of its sales managers that they solicit other persons to become salesmen, and when sales-

men are selected the sales managers are required to accompany them through their territory for a week and instruct them in their duties in making their sales. Rucklos was a sales manager. He had 21 counties in Nebraska under his supervision. He had something like 40 salesmen under him. These men it was his duty to instruct in the performance of their duties, and, when making sales, they reported to him, as well as direct to the company. Rucklos received a commission on all the sales made by the salesmen under him in his territory. It also appears that, for the purpose of advertising its wares, the company maintains an exhibit at the state fair, and that Rucklos was in charge thereof; also that in the contract between Rucklos and the corporation he was required to hold, at stated times, meetings of the salesmen in which he was to instruct them in their duties. It also appears that he was to instruct the purchasers of the stock foods as to the manner of their use. There were other duties which he habitually performed within his territory in the interest of the company.

It is a rule that an agent who exercises judgment and discretion in the conduct or management of a corporation's affairs within this state is a managing agent, within the meaning of the statute, and that the acts and doings of such agent may refer to only a part of the business transacted by the corporation.

In *Porter v. Chicago & N. W. R. Co.,* 1 Neb. 14, it was said (p. 15): "An agent who is invested with the general conduct and control, at a particular place, of the business of a corporation, is a managing agent, within the meaning of the 75th section of the Code, which authorizes the service of summons on a managing agent of a foreign corporation, and it is immaterial where he resides." This ruling was approved in *Ritchie v. Illinois C. R. Co.,* 87 Neb. 631. In the latter case it was said (p. 635): "A 'managing agent' must be some person vested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity

and under the direction and control of superior authority."

In *Fremont, E. & M. V. R. Co. v. New York, C. & St. L. R. Co.,* 66 Neb. 159, it was held: "A manager of an agency established in this state by a foreign railroad corporation for the purpose of soliciting traffic over its line of road is a managing agent within the meaning of the statute with reference to the service of summons upon such corporations."

In *Brophy v. Fairmont Creamery Co.,* 98 Neb. 307, it was shown that the creamery company maintained a cream station at Panama, Nebraska, whose duties were to purchase cream and other products and ship them according to defendant's directions. Prices were fixed by the company and payments made by draft, drawn on the company. The local agent was required to grade the products to fit the price scale fixed. He was held to be a managing agent.

*Kron v. Robinson Seed Co.,* 111 Neb. 147, presented a situation quite similar to that in the *Brophy* case. The agent was held to be a managing agent, within the meaning of the statute.

Under the facts disclosed and the authorities cited, we have no hesitancy in reaching the conclusion that Rucklos was a managing agent, within the meaning of the statute quoted.

We are also of the opinion that the record discloses that the defendant corporation was transacting business in the state of Nebraska, within the meaning of section 24-1201, Comp. St. 1929, which authorizes service of process upon such corporations by delivery to the auditor of public accounts.

We conclude that the service of summons upon the defendant corporation by delivery to the auditor of public accounts was sufficient to give the court jurisdiction. Its objection to the jurisdiction of the court over its person was not well taken.

The errors of which defendants complain are not well founded. The judgment is

AFFIRMED.