EDWIN YODER ET AL., APPELLEES, V. NU-ENAMEL CORPORA-
TION, APPELLANT.

300 N. W. 840

FILED NOVEMBER 21, 1941. No. 31219.

*Ziegler, Dunn & Becker* and *D. L. Manoli,* for appellant.

*Sterling F. Mutz, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE
and YEAGER, JJ., and FALLOON and ELLIS, District Judges.

MESSMORE, J.

This is an action at law to recover a stipulated amount
of money pursuant to and under a contract entered into
between Nu-Enamel Nebraska Company, one of the plain-
tiffs, and the Nu-Enamel Corporation of Dover, Delaware,
defendant. The issue to be determined is whether or not the
district court acquired jurisdiction over the person of the

defendant. The issue was properly raised by special appearance, objecting to the jurisdiction of the court. The special appearance was overruled. The defendant answered and preserved the jurisdictional question therein. A jury was waived; trial had to the court on the merits, resulting in a judgment for the plaintiffs in the sum of $1,296.80 and costs. Defendant appeals.

The defendant is a Delaware corporation, with its principal place of business at Cleveland, Ohio. It had never qualified in Nebraska or appointed a resident agent for service of process to be had upon it, as required by section 24-1201, Comp. St. 1929. Some time prior to September, 1937, the defendant, engaged in the business of manufacturing and distributing Nu-Enamel paint products, sold from its factory in Ohio some of its merchandise to one Sternberg, who operated three retail stores in Omaha where he sold such products. Sternberg became indebted to defendant for the merchandise furnished. Defendant took possession of the three retail stores, merchandise and equipment as liquidation of the debt. After taking over the stores, defendant operated the business and at the same time endeavored to and did dispose of the stores October 29, 1937, when all of the merchandise, fixtures and appurtenances thereof were transferred to the plaintiffs by contract. The contract contained many provisions with reference to the handling of defendant's products, the length of time the contract was to run, the rights of the respective parties to terminate it, and the advertising displays incident to proper advertising. We deem it unnecessary to set out the contract in full. This action was started May 11, 1940.

Section 24-1201, Comp. St. 1929, the statute involved, provides in part: "Such foreign corporation shall also make and file a certificate * * * appointing an agent or agents in this state, * * * upon whom process, or other legal notice of the commencement of any legal proceeding, or in the prosecution thereof, may be served; and such service of process or of any such other legal notice, as aforesaid upon the auditor of public accounts, or upon any such agent, or

agents, shall constitute valid service upon such corporation in all courts of this state, in counties where the cause of action, or some part thereof, arose, or in counties where the contract, or portion thereof entered into by such corporation has been violated or is to be performed." Service of summons was made on the state auditor of public accounts, as provided by the statute.

The defendant, as shown by the record, transacted business in this state without qualifying and without appointing a resident agent. This situation presents the question: Under such circumstances, do the statutes of Nebraska authorize service of summons to be made upon the state auditor of public accounts as against the defendant?

The language in *Schwabe v. American Rural Credits Ass'n*, 104 Neb. 46, 175 N. W. 673, as follows: "At the time service was attempted the association had never domesticated itself; it had never filed the written authority which the law requires, authorizing the auditor to accept service for it," seemingly supports the defendant's contention that, under such circumstances, the service of process, as had in the instant case, is erroneous. In this connection, this court held in the cases of *Buckley v. Advance Rumely Thresher Co.*, 106 Neb. 214, 183 N. W. 105, and *Wilken v. Moorman Mfg. Co.*, 121 Neb. 1, 235 N. W. 671, in substance, as follows: Where a foreign corporation is doing business in this state, valid service of process may be made against it upon the state auditor, without specific appointment of such officer as its agent. In so holding no mention is made of the language in *Schwabe v. American Rural Credits Ass'n, supra*, as heretofore stated, on this proposition. This presents a conflict as between the *Schwabe* case and *Wilken v. Moorman Mfg. Co., supra*, and *Buckley v. Advance Rumely Thresher Co., supra*, on this particular point. Such situation warrants the overruling of *Schwabe v. American Rural Credits Ass'n, supra*, in so far as it is in conflict with the holding in the *Buckley* and *Wilken* cases, on the point herein discussed.

The important question presented in the instant case is:

Assuming that the state auditor was the agent of the defendant for the purpose of serving process on it as provided in section 24-1201, Comp. St. 1929, is such service effective when made on the state auditor, after the corporation has ceased to do business in the state, in a cause of action, arising out of its previous transaction of business therein?

It will be noted that the language of the statute under consideration is silent as to when the authority of the state auditor to accept service of summons on the foreign corporation is intended to terminate. The question resolves itself into one of judicial construction.

In *Schwabe v. American Rural Credits Ass'n, supra,* the special appearance of a foreign corporation, objecting to the jurisdiction of the court, was sustained. There were three attempts to make service of summons under the provision of the statute in question. The last summons was issued to the sheriff of Lancaster county. The return showed service upon the deputy state auditor, who did not send copy of the summons to the defendant corporation, but returned it to the clerk of the district court, with a letter stating that service could not be made upon him for the reason that the corporation has never domesticated itself in the state. It is obvious, from a reading of the statute, that this service was erroneous and sufficient to conclude the case in favor of the foreign corporation without further statement by the court. However, the court went further and used the following language: "At the time service was attempted the association had never domesticated itself; it had never filed the written authority which the law requires, authorizing the auditor to accept service for it (this question has been determined by authorities cited in the instant case) ; and, furthermore, as the record shows, *it was not at that time, and had not been for a long period prior thereto, attempting to do business in this state, but had quit the state.*" (Italics ours.) This last-mentioned language is *dictum.* The federal circuit court of appeals, in the case of *Yoder v. Nu-Enamel Corporation,* 117 Fed. (2d) 488, sustained the defendant's special appearance, objecting to the jurisdiction of the

court in the instant case, basing its decision on this *dictum*, and setting forth the authorities wherein such court was required to follow the indication of the decisions of this court on the question involved. The logical rule is reflected by the following authorities:

In 8 Thompson, Corporations (3d ed.) 1014, sec. 6727, it is said: "The general rule is that where a foreign corporation consents, on coming into a domestic state to do business, that service on a designated state officer shall be a valid service on the company, that consent extends to all actions relating to any business done by the company while in the state, though it may have ceased to do business or have withdrawn from the state prior to the bringing of the action."

In 21 R. C. L. 1344, sec. 94, in discussing cessation of business and withdrawal from the state, the author says "that a corporation cannot by * * * withdrawing from the state escape from the jurisdiction of the courts of the state as to an action brought by a citizen of the state or one arising from a contract made while the corporation is engaged in business in the state." See cases cited in note 14; also, annotation, 45 A. L. R. 1447.

The weight of authority, under statutes corresponding to the statute involved in the instant case, definitely supports the logical and salutary rule as indicated in the preceding authorities. We firmly believe that the intent of the legislature, in adopting the statutory provisions herein discussed, was not to require the plaintiffs, in a situation as here presented, to travel to Cleveland, Ohio, at great expense, to have their rights adjudicated under a Nebraska contract.

Construing the *dictum* contained in *Schwabe v. American Rural Credits Ass'n, supra*, which constituted the basis of the decision in *Yoder v. Nu-Enamel Corporation, supra*, the following authorities are applicable:

A case is not authority for any point not necessary to be passed on in order to decide the cause. *Bliss v. Beck*, 80 Neb. 290, 114 N. W. 162. "For court's opinion to be binding

as precedent, there must have been application of judicial mind to precise question necessary to determine in order to fix parties' rights." *Mutual Benefit Health & Accident Ass'n v. Bowman,* 99 Fed. (2d) 856.

The precise question before the court in *Schwabe v. American Rural Credits Ass'n, supra,* was the manner and form of the service attempted. The precise question to which the language, constituting the *dictum,* would apply was not before the court and, obviously, not necessary to determine.

We conclude that the case of *Schwabe v. American Rural Credits Ass'n, supra,* be and is hereby overruled in all respects wherein the decision therein conflicts with the decision in the instant case.

The judgment of the district court in overruling the defendant's special appearance, objecting to the jurisdiction of the court over the person of defendant, is

AFFIRMED.