JOHN H. KERIAKEDES, APPELLANT, V. J. C. PENNEY CO., INC., A CORPORATION, ET AL., APPELLEES.

263 N. W. 2d 841

Filed March 22, 1978. No. 41397.

Nelson, Harding, Marchetti, Leonard & Tate, for appellant.

John A. Rickerson of Rickerson & Welch, for appellees.

Heard before WHITE, C. J., BOSLAUGH and WHITE, JJ., and WARREN and KORTUM, District Judges.

WARREN, District Judge.

This is an appeal from the dismissal of the action after the overruling of a motion to reconsider an order sustaining the special appearance of the defendant J. C. Penney Co., Inc.

Plaintiff, John H. Keriakedes, filed this action on January 30, 1976, against J. C. Penney Co., Inc., a Delaware corporation, for damages for unlawful arrest and defamation as a result of an incident at one of the defendant's Omaha stores on February 3, 1975.

Summons was forthwith issued and delivered to the sheriff of Douglas County for service. Service was made by Deputy Sheriff Ernest L. Mackey, whose return certified in part as follows: "Received this writ on January 30, 1976 and served the

same on January 30, 1976 on the within named, J. C. PENNEY CO., INC., a corporation, by delivering to TOM KRUEGER, General Manager and Managing Agent, personally in Douglas County, a true and duly certified copy of this writ with all the endorsements thereon. He being in charge at the usual place of doing business of such named corporation in said county, and no higher officer of said corporation being found in said county."

Defendant appeared specially for the sole purpose of objecting to the jurisdiction of the court for the reason that service of process upon it was not properly made. This special appearance was supported by the affidavits of Tom Krueger, upon whom the purported service was made; and Vern Lindstrom, defendant's Westroads store manager. Tom Krueger stated in his affidavit that he was, on January 30, 1976, the personnel manager for the defendant's J. C. Penney store at Westroads in Omaha; that Deputy Sheriff Mackey "simply inquired as to my name and handed the summons to me"; that he was neither general manager nor managing agent for J. C. Penney Co., Inc., on that date and had not been designated in any way to receive service of summons or other process; that Vern Lindstrom was the store manager of defendant's store at Westroads on the date in question; and that David Anderson, with offices at 10050 Regency Circle, Omaha, Nebraska, was defendant's district manager on January 30, 1976. Vern Lindstrom by his affidavit stated his status as defendant's store manager at the Westroads store and said that on "the 30th day of January, 1976, he was on duty and was generally at the Westroads store during various portions of that day"; that Tom Krueger was personnel manager for the Westroads store; and that David Anderson, as defendant's district manager for the area was "the highest official of J. C. Penney Co., Inc. in this area."

At the hearing on the special appearance, plaintiff called Deputy Sheriff Mackey to testify regarding service. He stated that he went to the executive offices on the second floor of defendant's Westroads store and asked the receptionist for the president, vice president, secretary, or treasurer. When informed that none of these officers were present, Mackey asked for the next "highest officer who was available" in the building at the time, and was directed to Tom Krueger. The deputy sheriff further testified that Krueger told him, upon inquiry as to what was his office, that he was general manager, and consequently Mackey completed service upon Krueger and certified in his return that service was made upon Tom Krueger as general manager and managing agent. Mackey admitted that he did not ask who was the store manager.

Plaintiff assigns as error the finding of the trial court that Tom Krueger was neither an officer of J. C. Penney Co., Inc., nor its managing agent within the purview of section 25-511, R. R. S. 1943, and the subsequent sustaining of the special appearance and dismissal of the action.

Section 25-511, R. R. S. 1943, provides as follows: "A summons against a corporation may be served upon any officer thereof or its managing agent; or, if none of the aforesaid can be found in the county, by a copy personally served upon the registered agent of the corporation or left at the registered office of the corporation within the state. When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent."

The issue here is a narrow one. It may be simply stated: Was Tom Krueger, personnel manager of the defendant's Westroads store in Omaha, a managing agent of the defendant on the date of the purported service?

This court, in Wilken v. Moorman Manuf. Co., 121

Neb. 1, 235 N. W. 671 (1931), with respect to service on foreign corporations, said: "A sales manager of a foreign corporation who exercises judgment and discretion in the conduct of the corporation's affairs within this state is, within the meaning of the statute relating to service of process on such corporations, a managing agent, notwithstanding his acts and doings as such agent may refer only to a part of the business transacted by the corporation." The rule was reiterated with respect to a sales manager of a foreign corporation in Brown v. Globe Laboratories, Inc., 165 Neb. 138, 84 N. W. 2d 151 (1957).

We may reasonably infer that a person having the title of "personnel manager" in a large shopping center store exercises considerable judgment and discretion with respect to the hiring and management of the employees of that business. The previous holdings of this court make it plain that the managerial duties of such an employee need not be all-encompassing, but may be restricted to one department, one store, or one area. "It has been generally recognized that in order to be a 'managing agent' of a foreign corporation for the purpose of service of process, the person served need not have control over all or every department of the corporation's business." Annotation, 17 A. L. R. 3d 625, at p. 635.

In order to sustain the trial court's finding, we would be required to hold that even though a manager who has charge of the sales of a foreign corporation is "a managing agent" of such corporation, a manager who has charge of the personnel of a foreign corporation is not "a managing agent." The distinction escapes us. Foreign corporations understandably do not clothe an officer or employee with the title "managing agent" just to enable persons suing it to obtain proper service. The statutory provision for service upon "a managing agent" is not intended to restrict service of process to one person

with one title, but rather to service upon a person with sufficient position, rank, and duties to make it reasonably certain that the corporation will be apprised of service. Annotation, 17 A. L. R. 3d 625, at p. 633. A foreign corporation may, depending upon the particular facts and circumstances, have a number of such managing agents employed within the state. There is presently no requirement under section 25-511, R. R. S. 1943, that the chief officer or the highest officer be served.

While the evidence is sketchy as to the powers and duties of the defendant's personnel manager who was served in this instance, it is evident from his title and the fact that he was identified by the receptionist as the highest officer present in the defendant's store building at the time, and that he was of sufficient position, rank, and duties to make it reasonably certain that the defendant would be apprised of service.

A managing agent of a foreign corporation upon whom service of summons may be made under section 25-511, R. R. S. 1943, is an agent who has charge of the business activities of the corporation, or some branch, department, or division thereof; and in respect to matters entrusted to him exercises judgment and discretion in the conduct of the corporation affairs within this state; and who, under the circumstances here, is of sufficient position and rank to make it reasonably certain the defendant will be apprised of the service of summons.

We are not unmindful of the admonition in Erdman v. National Indemnity Co., 180 Neb. 133, 141 N. W. 2d 753 (1966), that: "Statutes prescribing the manner of service of summons are mandatory and must be strictly pursued." We do not intend to relax that rule by this holding.

Defendant contends that the ruling in Erdman v. National Indemnity Co., *supra*, controls. The distinction is obvious. The Erdman case concerned

service upon a domestic corporation and turned upon the former requirement of section 25-511, R. R. S. 1943, that in the first instance service had to be made upon the chief officer of the corporation before service could be made upon its cashier, treasurer, secretary, clerk, or managing agent. The service in Erdman was made upon the director of personnel without first ascertaining that the chief officer of the corporation was not available, and this court held that a failure to follow the mandatory priority of the statute was fatal to proper service. However, the Legislature amended section 25-511, R. R. S. 1943, in 1973 by entirely deleting the priority requirements upon which the Erdman holding was based and substituting the provision that a summons against a domestic corporation could be served upon "any officer thereof or its managing agent." We note that although the provision for service upon domestic corporations now refers to service upon "its managing agent," the provision for service upon a foreign corporation refers to service upon "a managing agent."

For the reasons above stated, we hold that the defendant's "personnel manager" was a "managing agent" within the provision of section 25-511, R. R. S. 1943, relating to foreign corporations, and consequently the trial court erred in sustaining the special appearance of the defendant J. C. Penney Co., Inc.

The judgment of the District Court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.